Curia, yer Frost, J.
On the first ground of appeal, here can be no doubt that an express declaration that the seller will not warrant, effectually precludes any implied contract; Caldwell vs. Porcher, 2 McM. 329; McLean vs. Ex'ors. of Green, 2 McM. 17.
The second ground affirms that the auctioneer may rescind a contract of sale made through his agency; or at ■least, that he may, before the sale is completed by the payment of the purchase money. Even the more limited alternative presented in this ground, cannot be maintained. *471 An anctioner is an agent to effect a sale. As soon as the sale is effected, his agency ceases. If he has pursued his instructions, he is in no manner liable for the execution of the contract, and can neither add to, nor take from, the terms and conditions the principal has prescribed. His intervention was only employed to make the sale, and is withdrawn as soon as that is done, and the rest is left to the parties. In Nelson vs. Albridge, 3 Eng. C. L. R. 419, an auctioner had sold a horse of the plaintiff, and took him back from the purchaser without payment of the deposit, on his complaint that the horse did not answer the description in the advertisement. For this, the auctioneer was held liable. Best, C. J. said “ it was the duty of the auctioneer to sell, and not to rescind, to do and not to undo ; and the law would imply a contract, on his part, to discharge his duty and the plaintiff had a verdict.
The fourth ground of appeal excepts to the instruction of the Recorder to the jury, that on the re-sale in this case, no definite time of notice was required by law to support an action by the owner of the property sold, but only such notice as would be considered reasonable under the circumstances.
At common law, independently of the vendue Act of 1785, the vendor may sue for the price of goods sold, if the vendee fails or refuses to comply with the terms of sale; or he may proceed for damages for the breach of the contract.
It is the common usage, if the purchaser refuses to comply with his contract, and the seller prefers to proceed for damages, rather than for the price, to sell the goods on account and at the risk of the purchaser, and sue for the deficiency on the re-sale. The practice is advantageous to the vendee, in case the goods are declining in value, or are of a perishable nature; and affords security to the vendor, against any impaired value or destruction of his lien, and the insolvency of the vendee. In almost every instance of the sale of horses and negroes, this course is pursued when the purchaser refuses to comply with the contract, or seeks satisfaction from the seller, on account of his deceit or breach of warranty. If the vendor claims *472 the price of the chattels, he cannot, consistently with such demand, dispose of the goods to another ; but if he only claims damages for the breach of the contract, it is not necessary that he should retain the goods. He merely alleges, that a valid contract was made by the purchaser, which has not been performed, and that he has sustained damage in consequence. In Maclean vs. Dunn and Watkins, 15 Eng. C. L. R. 129, and Jackson vs. Watts, 1 M’C. 288, it was ruled, that when the purchaser of goods refuses to take them, the vendor, by reselling them, does not rescind the contract, nor preclude himself from recovering damages for the breach of it. The time of resale is not limited by law, further than that it be reasonable with respect to the vendee, in giving him an opportunity to comply, and with respect to the sale of the goods, that the fair value may be realized. Such re-sale aifords, generally, satisfactory proof of the loss sustained by the vendor, in the non-performance of his contract by the vendee. It is not conclusive evidence ; though, if the re-sale be fairly made, the jury will generally make the deficiency the measure of damages.
The vendue Act of 1785, 4Stat. 672, provides that every person who shall purchase any real or personal property, at any public sale in this State, which sale shall be entered in the books of the vendue-master, as required by the Act, and who shall refuse to comply with the conditions of sale, within seven days thereafter, shall be liable for all losses thereon to the original owner; and for the more speedy ascertaining of such losses, the vendue-master is authorized to re-sell the property on the original conditions, giving seven days notice of the sale ; and whatever deficiency shall happen on such re-sale, the vendue-master shall recover at the first court, from the defaulting purchaser, with the commissions and other expenses attending the sale; and for expediting such recovery, the Judges of the Common Pleas are empowered to make such summary rules and orders as may tend to expedite the causes, notwithstanding the writ or process may be made returnable at any day after the time appointed for the holding of the *473 court at which such causes may be tried ; and no judgment shall be arrested for any error in the proceeding.
This statute introduces a special remedy, as well for ascertaining as for recovering damages for non-compliance with the conditions of an auction sale. It ascertains and fixes the damages to be the deficiency which may happen on the re-sale; and gives the vendue-master an action to recover them. No action is given to the owner. It would be contrary to the well settled rules for the construction of statutes, to maintain that the Act compels the owner to resort to the remedy it provides, and deprives him of his common law rights and remedies against a purchaser who does not comply with the terms of sale. That such has not been the construction appears from the very many cases in which the owner brings the action in his own name, and is conceded in this case, when no exception is taken to the owner being the plaintiff. Since the action by the owner is not given by the statute, and he cannot and does not use the special remedy it provides, he is not required to comply with its. conditions. The exception, then, that, in this case, seven days notice of the re-sale was not given, even if that were the fact, would have no application.
The construction which gives to the vendue-master, alone, a right of action, under this statute, is confirmed by the eighty-ninth rule of court, made in pursuance of the power conferred on the Judges by the Act, to adopt rules and regulations for expediting the progress of the suit. The rule is confined to “ actions already commenced or to be commenced by vendue-masters, under the Act of 1785, against purchasers at their sales.” That the owner is not deprived of his common law remedies, is supported by the greatest authorities : — “ although a statute does not take away the common law, it is nevertheless binding; and a party may take his election to proceed under the statute, or at common law2 Inst. 200. If a new remedy be given by statute in a particular case, this shall not be extended to alter the common law, in any other than that case ; Foster's case, 11 Rep. 59. “ When a statute alters the common law, the meaning shall not be strained beyond *474 the words ; except in cases of public utility, when the end of the act appears to be larger than the enacting words.”
The next objection is, that the jury were instructed, that under the circumstances of this case, the plaintiff had a reasonable time within which to cure the defect of title to one of the slaves.
The terms of the sale were, one half cash, and the balance payable in twelve months; and that, until the papers were perfected, neither cash nor interest would be required. This was notice to the purchaser, that some time might be necessary to the completion of the sale, by the delivery of the papers. In seventeen days after notice to the plaintiff of the defendant’s objection to the title, it was perfected, and the negroes tendered to the defendant. This the jury have found to he reasonable time. Time does not appear to have been material to the contract. The purchase was not of the ordinary subjects of merchandize and speculation, and the defendant has not shewn that he suffered any prejudice by the delay.
The only remaining ground of appeal is, that the plaintiff tendered to the defendant a bill of sale, from the guardian of the infant to'whom one of the slaves belonged, and not her own bill of sale. No objection is made to the sufficiency of the title, nor to the effect of the bill of sale to transfer to the defendant a perfect right to the slave. It is only objected, that the bill of sale was not immediate from the plaintiff. It is sufficient, if the vendor procures a good title to be made to the vendee, for the subject of the contract. If one agrees to sell another’s property, without any authority to do so, and the owner confirms and offers to execute the agreement, the vendee cannot refuse to perform his contract, because the vendor, at the time he made the contract, had no authority from the owner to make it. The subsequent ratification confirms the authority, ab initio, and validates the contract. It was so held in Maclean vs. Dunn & Watkins, before cited. The motion is refused.
Richardson, O’Neall, Evans, Butler and Ward-law, JJ. concurred.